IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HARLON HARRISON,

       Plaintiff,

vs.                                                                                       No. CIV 23-0504 JB/JFR

VISTA CURRY, Warden; SUMMITT FOOD,
Contractor/Vendor, and NEW MEXICO
CORRECTIONS DEPARTMENT, Secretary,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: the Plaintiff Harlon Harrison's Prisoner Complaint for Violation of Civil Rights, filed June 30, 2023 (Doc. 3)("Complaint"); (ii) Harrison's Motion for Appointment of Counsel, filed October 13, 2023 (Doc. 7)("First Counsel Motion"); and (iii) Harrison's Motion for Appointment of Counsel, filed January 2, 2024 (Doc. 12)("Second Counsel Motion"). Harrison is incarcerated, pro se, and proceeding in forma pauperis. See Order Granting *In Forma Pauperis* Relief and Denying Motion to Appoint Counsel (Doc. 6)("IFP Order"). In his Complaint, Harrison asserts that prison officials -- and one related entity -- provided unsanitary conditions of confinement. See Complaint at 3-4, 13-16. Having carefully reviewed the matter under 28 U.S.C. § 1915(e) and rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court will deny the Motions to Appoint Counsel, dismiss the Complaint, and grant leave to amend.

## FACTUAL AND PROCEDURAL BACKGROUND

Harrison is a state inmate at the Western New Mexico Correctional Facility ("Western NM") in Grants, New Mexico. See Complaint ¶ I(A), at 2. Harrison previously was incarcerated

at the Penitentiary of New Mexico ("PNM") in Santa Fe, New Mexico. See Complaint ¶ IV(B), at 5; id. ¶ VII(A) 7. The Complaint alleges PNM's kitchen and food storages areas are unsanitary. See Complaint ¶ II(B), at 3. Harrison alleges that these areas are infested with vermin, maggots, and roaches. See Complaint ¶ II(B), at 3. Harrison contends he discovered a maggot in his cereal while eating breakfast at PNM on September 6, 2022. See Complaint at IV(C), at 6; id. at 13; id. at 15. He filed several inmate grievances seeking a kitchen "overhaul," thorough cleaning, and pest extermination. See Complaint at 13, 15. It appears prison officials reported the maggot to the kitchen supervisor, but it is unclear whether he or she provided relief. See Complaint at 13.

Based on these facts, the Complaint raises claims under 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution. See Complaint ¶ II(B), at 3; id. ¶ IV(C), at 6; id. at 13. By way of relief, Harrison seeks $2,000.00 in compensatory damages; $8,000.00 in punitive damages; and $1.00 in nominal damages. See Complaint ¶ VI, at 6. The Complaint names three Defendants: (1) PNM Deputy Warden Vista Curry; (2) Summit Food Contractor/Vendor/Food Provider; and (3) the Secretary of the New Mexico Corrections Department ("NMCD"). See Complaint ¶ I(B), at 2-3. Harrison then filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), filed June 30, 2023 (Doc. 4)("IFP Motion"). Shortly thereafter, Harrison filed his first Letter-Motion Requesting Counsel. See Letter-Motion Requesting Counsel, from Harlon Harrison to United States District Court Clerk (dated June 30, 2023), filed July 7, 2023 (Doc. 5)("Letter-Motion"). The Court referred the matter to the Honorable John Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner

Cases, filed June 13, 2023 (Doc. 2).

By an Order entered October 10, 2023, Magistrate Judge Robenhaar granted the IFP Motion, but denied Harrison's first Letter-Motion seeking counsel. See IFP Order at 1-2. The IFP Order explains that courts lack authority to appoint counsel in § 1983 cases. See IFP Order at 2 (citing Rachel v. Troutt, 820 F.3d 390, 397 (10th Cir. 2016)). The IFP Order further concludes there are no grounds to contact a local attorney and request that the attorney represent Harrison on a pro bono basis. See IFP Order at 2-3. Harrison filed two additional Motions to Appoint Counsel after entry of the IFP Order. See First Counsel Motion at 1-2; Second Counsel Motion at 1-2. He also paid the initial partial payment, as the IFP Order requires. See IFP Order at 1. The matter is therefore ready for initial review under 28 U.S.C. § 1915(e).

## LAW REGARDING INITIAL REVIEW OF PRISONER COMPLAINTS

Section 1915(e) of Title 28 of the United States Code requires the court to conduct a sua sponte review of all civil complaints where the plaintiff is proceeding in forma pauperis. See 28 U.S.C. § 1915(e). The court must dismiss any in forma pauperis complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted for purposes of rule 12(b)(6) of the Federal Rules of Civil Procedure. See 28 U.S.C. § 1915(e). Rule 12(b)(6) tests the "sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)). A complaint's sufficiency is a question of law, and when reviewing the complaint, a court must accept as true all of a complaint's well-pled factual allegations, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,

551 U.S. 308, 322-23 (2007)("[O]nly '[i]f a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to dismiss." (quoting Makor Issues & Rights, Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir. 2006)(second alteration in Tellabs, Inc. v. Makor Issues & Rights, Ltd.))); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citations and footnote omitted).

To survive rule 12(b)(6) review, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face." Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is

insufficient; the complainant must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis in Ridge at Red Hawk, L.L.C. v. Schneider). The Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." . . . The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(McConnell, J.)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

In conducting the initial review, a pro se prisoner's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. At the same time, however, pro se parties must file a legible pleading that complies with rule 8. That rule requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "'It is not the role of . . . the court . . . to sort through a lengthy . . . complaint and voluminous exhibits . . . to construct plaintiff's causes of action.'" McNamara v. Brauchler, 570 F. App'x 741, 743 (10th Cir.

2014)(quoting Schupper v. Edie, 193 F. App'x 744, 746 (10th Cir. 2006)).[1]  See Pola v. Utah, 458 F. App'x 760, 761 (10th Cir. 2012)(affirming dismissal of complaint that "included everything but the kitchen sink").  Allowing such pleadings to survive screening "would force the Defendants to carefully comb through" various documents "to ascertain which . . . pertinent allegations to which a response is warranted."  McNamara v. Brauchler, 570 F. App'x at 743.

## **LAW REGARDING 42 U.S.C. § 1983**

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

---

[1]McNamara v. Brauchler is an unpublished opinion, but the Court can rely on a United States Court of Appeals for the Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. [. . .] However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citing In re Citation of Unpublished Opinions/Ords. & Judgments, 151 F.R.D. 470 (10th Cir. 1993)).  The Court concludes that McNamara v. Brauchler, as well as Pola v. Utah, 458 F. App'x 760, 761 (10th Cir. 2012); Womble v. Chrisman, 770 Fed. App'x 918 (10th Cir. 2019); Strope v. Sebelius, 189 Fed. App'x 763 (10th Cir. 2006); Lewis v. McKinley Cnty. Bd. of Cnty. Comm'rs, 425 Fed. App'x 723, 727-28 (10th Cir. 2011); and Robinson v. Gibson, 201 F.3d 448 (Table), 1999 WL 1009497 (10th Cir. 1999), have persuasive value with respect to material issues in this case, and will assist the Court in its preparation of this Memorandum Opinion and Order.

42 U.S.C. § 1983. Section 1983 creates only the right of action, and it does not create any substantive rights; substantive rights must come from the Constitution or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any substantive rights, but merely enforces existing constitutional and federal statutory rights[.]'")(quoting Ellis v. Univ. of Kansas Med. Ctr., 163 F.3d 1186, 1197 (10th Cir. 1998)). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights. To state a valid claim under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court has noted:

> [A] plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Public Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

The Supreme Court of the United States clarifies that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Consequently, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 675; Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of City of

N.Y., 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The United States Court of Appeals for the Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012); Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations. See Garcia v. Casuas, No. CIV 11-0011, 2011, WL 7444745, at *25-26 (D.N.M. December 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)(Baldock, J.)). The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about Iqbal, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution[.]"

Dodds v. Richardson, 614 F.3d at 1199 (quoting 42 U.S.C. § 1983).  The Tenth Circuit has noted, however, that "Iqbal may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case."  Dodds v. Richardson, 614 F.3d at 1200.  It concludes that Ashcroft v. Iqbal does not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis."  Dodds v. Richardson, 614 F.3d at 1200.  More specifically, the Tenth Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct."  Dodds v. Richardson, 614 F.3d at 1200-01.

The specific example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, 423 U.S. 362 (1976), where the plaintiff sought to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed.  See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).  The Tenth Circuit notes that the Supreme Court in that case found a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "crush the nascent labor organizations."  Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

**LAW REGARDING THE RIGHT TO HUMANE CONDITIONS OF CONFINEMENT**

The Eighth Amendment to the Constitution of the United States protects against the infliction of cruel-and-unusual punishments.  See U.S. Const. Amend. VIII.  In 1994, the Supreme Court held that the Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  This

duty includes adequate food, clothing, shelter, and medical care, but also a more general requirement to "'take reasonable measures to guarantee the safety of the inmates.'"  Farmer v. Brennan, 511 U.S. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  It also includes a prohibition against prison officials' deliberate indifference.  See Howard v. Waide, 534 F.3d 1227, 1235 (10th Cir. 2008)(citing Estelle v. Gamble, 429 U.S. 97, 105 (1976)).

Determining the sufficiency of an Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective component.  See Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006).  With respect to the objective component, conditions are objectively serious when they threaten the inmate's safety or "lead to deprivations of essential food, medical care, . . . [or] sanitation."  Rhodes v. Chapman, 452 U.S. 337, 348 (1981).  "[T]he length of exposure to the conditions is often of prime importance" in Eighth Amendment cases.  Despain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001).  "As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases."  Despain v. Uphoff, 264 F.3d at 974.

Under the subjective component, the defendant must have a "'sufficiently culpable state of mind.'"  Farmer v. Brennan, 511 U.S. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991)).  The plaintiff must establish that the defendant "knew" the plaintiff "faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'"  Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)(quoting Farmer v. Brennan, 511 U.S. at 847).  Prison officials who know of a substantial risk to inmate health or safety may be found free from liability, however, if they respond reasonably to the risk, even if the harm ultimately is not averted.  See Howard v. Waide, 534 F.3d at 1239 (quoting Farmer v. Brennan, 511 U.S. at 844-45).  The

Supreme Court has found that negligence does not constitute a wrong under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. at 105-06.

## ANALYSIS

The Complaint alleges prison officials provided inhumane conditions of confinement by serving Harrison cereal that contained a maggot and allowing pests in the kitchen. See Complaint at 3. Harrison seeks appointment of counsel to assist with the prosecution of those claims. See Motions to Appoint Counsel at 1. The Court will evaluate Harrison's procedural motion before screening the Complaint.

**I.     THE COURT DENIES THE MOTIONS TO APPOINT COUNSEL.**

"Courts are not authorized to appoint counsel in 1983 . . . cases; instead, courts can only 'request' an attorney to take the case" on a pro bono basis. Rachel v. Troutt, 820 F.3d 390, 397 (10th Cir. 2016). Whether to ask a local attorney to represent a pro se prisoner without compensation is a matter of discretion. See Toevs v. Reid, 685 F.3d 903, 916 (10th Cir. 2012). Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." Rachel v. Troutt, 820 F.3d at 397.

Considering these factors, the Court concludes that there are no grounds to ask a local attorney to represent Harrison on a pro bono basis. Harrison argues that he cannot afford counsel, that his imprisonment will limit greatly his ability to litigate, that the claims may involve conflicting testimony, and that and he has limited legal knowledge and access to research. See Motions to Appoint Counsel at 1. These circumstances are true in many pro se prisoner cases. The Complaint also fails to state a cognizable claim, as described below, and the issues are not overly complex compared to other cases. Harrison's filings are cogent, and there is no indication

he cannot prosecute this case. The Court therefore will deny the Motions to Appoint Counsel without prejudice. Harrison may renew the request for counsel if the case proceeds to trial.

## II.     THE COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CLAIM.

Harrison asserts his Constitutional claims pursuant to 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." Brown v. Buhman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). As noted above, "[a] cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." McLaughlin v. Bd. of Trustees, 215 F.3d 1168, 1172 (10th Cir. 2000)(quoting 42 U.S.C. § 1983). The plaintiff must allege that each government official, through the official's own individual actions, personally has violated the Constitution. See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 1998). There also must be a connection between the official conduct and the constitutional violation. See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).

The alleged Constitutional violation here -- inhuman conditions of confinement and unsanitary food -- implicates the Eighth Amendment. Serving spoiled or contaminated items can satisfy the Eighth Amendment test's objective component if such circumstances lead to a substantial deprivation of food, illness, and/or weight loss. See Womble v. Chrisman, 770 Fed. App'x 918, 923 (10th Cir. 2019)(unpublished)(listing examples where serving spoiled food on a regular basis caused weight loss, digestive damage, and illness); Strope v. Sebelius, 189 Fed. App'x 763, 766 (10th Cir. 2006)(sustaining Eighth Amendment claim where prison officials "routinely served spoiled food, leaving [the inmates] with an inadequate diet"). The Tenth Circuit also repeatedly has declined to find, however, an objectively serious deprivation where the plaintiff-inmate found an insect in their food. See Lewis v. McKinley Cnty. Bd. of Cnty.

Comm'rs, 425 Fed. App'x 723, 727-28 (10th Cir. 2011)(concluding that prison officials did not deprive plaintiff "of the minimal civilized measure of life's necessities" where plaintiff believed there was a maggot in her rice); Robinson v. Gibson, 201 F.3d 448 (Table), 1999 WL 1009497 (10th Cir. 1999)(finding no objective violation under the Eighth Amendment where the inmate's "food was not hot and sometimes contained insects," even though such "conditions are certainly not optimal and understandably objectionable").

The Complaint here alleges Harrison a maggot in his cereal on one occasion. See Complaint ¶ II(B), at 3; 13. The Complaint further alleges that PNM's kitchen and food storages areas are unsanitary and that these areas are infested with vermin, maggots, and roaches. See Complaint ¶ II(B), at 3. While these conditions are uncomfortable, there is no indication that Harrison is not receiving enough food or that he otherwise became ill. See Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981)(Powell, J.)(noting that "the Constitution does not mandate comfortable prisons," and conditions may be "restrictive and even harsh"); DeSpain v. Uphoff, 264 F.3d 965, 973-74 (10th Cir. 2001)(stating that an inmate must "show that conditions were more than uncomfortable," they must "instead . . . [impact] health or safety"). Moreover, the allegations about the filthy food service areas are too vague to determine the extent of any problem. It is unclear, for example, whether Harrison has access to these areas or whether he assumes they are infested because he found the maggot in his cereal container. The Complaint therefore fails to provide sufficient factual detail to satisfy the objective component of the Eighth Amendment test.

Alternatively, even if the allegations satisfy the objective element of the test, Harrison has not shown any Defendant knew he "faced a substantial risk of harm and disregarded that risk, 'by

failing to take reasonable measures to abate it.'" Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)(quoting Farmer v. Brennan, 511 U.S. at 847). The Complaint names: (i) PNM Deputy Warden Vista Curry; (ii) Summit Food Contractor/Vendor/Food Provider; and (iii) the NMCD Secretary, see Complaint ¶ I(B), at 2-3, but the allegations do not connect any of those Defendants to the alleged wrongdoing. The Complaint merely describes what Harrison experienced at PNM and refers to the Defendants as a group. See Complaint at 3-6. "When various officials have taken different actions with respect to a plaintiff, the plaintiff's . . . passive-voice [allegations] showing that his rights 'were violated' will not suffice." Pahls v. Thomas, 718 F.3d 1210, 1225-26 (10th Cir. 2013)(source of quoted material not given) . "Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." Pahls v. Thomas, 718 F.3d 1226 (source of quoted material not given). The Complaint therefore fails to satisfy the Eighth Amendment test's subjective element with respect to any Defendant. The Court dismisses the Complaint for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and rule 12(b)(6) of the Federal Rules of Civil Procedure.

### III. THE COURT WILL GRANT LEAVE TO AMEND.

The Tenth Circuit counsels that courts ordinarily should give pro se inmates an opportunity to remedy their pleadings' defects. See Hall v. Bellmon, 935 F.2d at 1110. Accordingly, the Court will dismiss the Complaint without prejudice and grant leave to file a single amended complaint within thirty days of this Order's entry. Any amended complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008). The Court also reminds Harrison that entities and prison supervisors cannot be

vicariously liable under 42 U.S.C. § 1983 for the actions of their employees. See Moya v. Garcia, 895 F.3d 1229, 1233 (10th Cir. 2018); Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003). To establish liability under § 1983, Harrison must show the entity-Defendant or prison supervisor "had an 'official . . . policy of some nature' . . . that was the 'direct cause' or 'moving force' behind the constitutional violations." Dubbs v. Head Start, Inc., 336 F.3d at 1216 (applying the rule to entity-defendants)(first quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. at 691, second and third quotes from City of Oklahoma City v. Tuttle, 471 U.S. 808, 820 (1985)). See Moya v. Garcia, 895 F.3d at 1233 (applying the rule to prison supervisors). The amended complaint also may assert claims against unnamed Defendants, such as the unnamed food vendors, but it must "provide[] an adequate description of some kind which is sufficient to identify [each] . . . person involved so process eventually can be served." Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996). If Harrison declines timely to file a single amended complaint or files another complaint that does not comply with rule 12(b)(6) and the pleading standards set forth herein, the Court may dismiss this action with prejudice and without further notice.

**IT IS ORDERED** that: (i) the Plaintiff's Motion for Appointment of Counsel, filed October 13, 2023 (Doc. 7), is denied without prejudice; (ii) the Plaintiff's Motion for Appointment of Counsel, filed January 2, 2024 (Doc. 12), is denied without prejudice; (iii) the Plaintiff's Prisoner Complaint for Violation of Civil Rights, filed June 30, 2023 (Doc. 3), is dismissed without prejudice; and (iv) Harrison may file a single amended complaint within thirty days of this Order's entry.

_____
UNITED STATES DISTRICT JUDGE

*Party:*

Harlon Harrison
Grants, New Mexico

    *Plaintiff Pro se*