IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HARLON HARRISON,**

    **Plaintiff,**

    v.                                                                                             Civ. No. 23-504 JB/JFR

**VISTULA CURRY, ALISHA TAFOYA-LUCERO, MARLIN SEJNOHA, and SUMMIT FOOD SERVICE, LLC,**

    **Defendants.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court by an Order of Reference entered June 13, 2023. Doc. 2. Therein, in accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), United States District Judge James O. Browning referred this case to the undersigned to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 2. Due to Plaintiff's failure to prosecute this case, the undersigned recommends that this matter be **DISMISSED WITHOUT PREJUDICE**.

### I. PROCEDURAL BACKGROUND

Plaintiff Harlon Harrison initiated this matter on June 12, 2023. Doc. 1. At that time, Plaintiff was an inmate at the Western New Mexico Correctional Facility ("WNMCF") in Grants, New Mexico. *See id.* On June 30, 2023, Plaintiff filed a 'Complaint for Violation of Civil Rights.' Doc. 3. Judge Browning dismissed Plaintiff's 'Complaint for Violation of Civil Rights' without prejudice on August 20, 2024, and allowed Plaintiff to file an amended complaint within thirty days. Doc. 18. Accordingly, Plaintiff timely filed a 'First Amended

1

Complaint' (the operative complaint, hereafter "Complaint") on September 16, 2024. Doc. 19. On September 23, 2024, the Court entered an Order Instructing Clerk to Issue Notice and Waiver of Service to Defendants. Doc. 20.

Notably, Plaintiff filed a letter on October 2, 2024, informing the Court of his new address because he was released from the Western New Mexico Correctional Facility on September 20, 2024. Doc. 23. On October 25, 2024, Plaintiff filed another letter, "asking that [his] be move[d] to a speedy trial" in light of paying his outstanding filing fees. Doc. 25. This was the last filing made by Plaintiff in this case.[1]

On December 31, 2024, Defendants Marlin Sejnoha and Summit Food Service, LLC (collectively, "Summit Defendants") filed their Answer. Doc. 30. On February 5, 2025, Defendants Vistula Curry[2] and Alisha Tafoya-Lucero (collectively, "NMCD Defendants") filed their Answer. Doc. 33.

On January 9, 2025, the undersigned ordered Defendants to file *Martinez* Reports. Doc. 32. Therein, the Court advised Plaintiff that the *Martinez* Reports may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or sua sponte, and that the parties should submit whatever materials they consider relevant to Plaintiff's claims. *Id.* at 3. As subsequently ordered,[3] Defendants' *Martinez* Reports were due no later than April 28,

---

[1] Plaintiff receives filings by mail and has evidently since moved from the address last provided, *see* Doc. 23, because starting in April 2025, all mailed orders have been returned as undeliverable. *See, e.g.*, Docs. 41, 46, 49; *see also* Doc. 44 at 2 ("In mid-2024 Plaintiff was transferred to Darrin's Place, an inpatient substance abuse treatment facility in Espanola, NM, where he graduated and left on March 15, 2025.").

[2] The Complaint incorrectly names Defendant Curry as "Vista." Doc. 44 at 1 (citing Doc. 19 at 1).

[3] More specifically, the Court first granted Summit Defendants' and NMCD Defendants' motions, Docs. 34-35, which requested extending the deadline to file their *Martinez* Reports to April 16, 2025. Docs. 36, 37. The Court then granted Defendants' *Joint Motion for Extension of Time*, Doc. 38, extending the deadline to file *Martinez* Reports to April 28, 2025. Doc. 39. Accordingly, the Court extended Plaintiff's response deadline to June 27, 2025, and Defendants' reply deadline to July 11, 2025. Doc. 40.

2025, Doc. 39, and Plaintiff's responses were due no later than June 27, 2025, Doc. 40. Summit Defendants timely filed their *Martinez* Report on April 28, 2025. Doc. 43. Later that same day, NMCD Defendants filed their *Martinez* Report, Doc. 44, concomitantly with a *Motion for Summary Judgment*, Doc. 45. On May 1, 2025, Summit Defendants also filed a *Motion for Summary Judgment*. Doc. 47.

Plaintiff failed to respond to either of the *Martinez* Reports or Defendants' motions. Accordingly, the Court issued an Order to Show Cause on July 1, 2025, requiring Plaintiff to file a response showing cause why this action should not be dismissed for failure to prosecute. Doc. 48. Additionally, the Court warned Plaintiff that failure to timely respond within fourteen days of the Order may result in the Court dismissing his case without further notice. *Id.* at 2. On July 11, 2025, the mailed copy of the Order to Show Cause was returned as undeliverable. Doc. 49. Plaintiff has never responded to the Order to Show Cause.

## II. RELEVANT FACTUAL BACKGROUND

Although Plaintiff was an inmate at WNMCF at the time of filing suit, *see* Doc. 1, his Complaint pertains to his previous place of incarceration: the Penitentiary of New Mexico ("PNM") in Santa Fe, New Mexico. *See generally* Doc. 19. The Complaint alleges that Plaintiff discovered a maggot in a sealed container of cereal on September 6, 2022. *Id.* at 2. Thereafter, Plaintiff filed an informal complaint with the New Mexico Corrections Department and subsequently discovered that there was a larger sanitation problem. *Id.* However, it is unclear whether Plaintiff exhausted the administrative grievance process, a prerequisite to filing suit. 42 U.S.C. § 1997e; *contrast* Doc. 3 at 15 (an inmate grievance, with only the prisoner-designated sections filled out (as compared to the blank staff-designated sections, including the "Date Received by Grievance Officer" line)), *and* Doc. 19 at 7 (implying Plaintiff appealed his

"grievance," the status of which was unknown as of September 16, 2024), *with* Doc. 45-1 at 5 ¶ 24 ("Affiant [Defendant Curry] checked the 'grievance log' for the time period when Plaintiff Harrison was incarcerated . . . in 2022, and he never filed a grievance as he claimed in his Amended Complaint.").[4]

Nevertheless, Plaintiff's sanitation claims are twofold. He claims that: (a) "the service line was covered with maggot[s], roaches, vermin, and other waste[;]" and (b) "the trash compactor was near the loading Dock where food is brought in from trucks [which] are pottentially [sic] transporting vemin [sic] into the storage area." *Id.* Plaintiff alleges that Defendants knew of these conditions—by virtue of Plaintiff informing PNM, as well as the inspection, supervision, and training duties promulgated by the Statewide Price Agreement contract (Doc. 43-1) between Defendant Summit Food Service, LLC and the State of New Mexico, NMCD—but deliberately ignored them. *See* Doc. 19 at 3-5.

Plaintiff argues that these alleged conditions of confinement violated the Eighth Amendment of the U.S. Constitution. *Id.* at 6. Additionally, Plaintiff briefly notes that he was subsequently transferred to WNMCF "as a result of his [internally-filed] complaint which he belives [sic] was retaliatory." *Id.* at 7. Thus, the Court liberally construes Plaintiff's Complaint to also raise a First Amendment retaliation claim. Consequently, Plaintiff requests the following relief, jointly and severally, from Defendants: $2000 in compensatory damages; $8000 in punitive damages; and $1 in nominal damages. *Id.* at 6-7.

---

[4] Additionally, Defendants failed to provide or explain the applicable policies regarding grievances.

## III. LEGAL STANDARDS

### A. Plaintiff's Pro Se Status

The Court notes that Plaintiff's filings were prepared without the assistance of counsel. It has long been the rule that pro se pleadings are construed with a greater degree of liberality than those of a trained attorney. *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). This rule requires the court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction. *Id.* at 1110.

However, it is inappropriate for a court to assume the role of an advocate and read into a pro se litigants' pleadings for facts or legal theories that are simply not present there. *Id.*; *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."). Indeed, pro se litigants must follow the same rules of procedure governing other litigants. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (collecting cases)). Likewise, and as discussed immediately below, pro se plaintiffs are not immune from sanctions, including dismissal. *See, e.g.*, *Villecco v. Vail Resorts, Inc.*, 707 F. App'x 531, 535 (10th Cir. 2017) (unpublished) (affirming sanctions for pro se plaintiff's failure to prosecute).

### B. Dismissal as a Sanction for Failure to Prosecute

The Court has the inherent power to impose a variety of sanctions on litigants in order to regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Serv.*, 744 F.2d 71, 73 (10th Cir. 1984). Of particular relevance, the United States Court of Appeals for the Tenth Circuit has explained that "the need to prosecute one's claim (or face dismissal) is a fundamental

precept of modern litigation . . . ." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007). Accordingly, the Court may dismiss claims for the failure to prosecute pursuant to its "'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."); *see also U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

Additionally, a court may dismiss a matter as a sanction pursuant to FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link*, 370 U.S. at 630-31).

If the Court's sanction is dismissal without prejudice, no special analysis is required. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). But if the sanction is dismissal with prejudice, or where the applicable statute of limitations has run and thus renders dismissal without prejudice to have the same effect, *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992), the Court must consider these five *Ehrenhaus* factors: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance;

6

and (5) the efficacy of lesser sanctions."[5]  *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir 1992)).  These factors are not a rigid test; the Court need not find that each factor is satisfied. *Ehrenhaus*, 965 F.2d at 921; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011); *see, e.g.*, *Cosby v. Meadors*, 351 F.3d 1324, 1333 (10th Cir. 2003) (affirming district court's dismissal even though it had "found that factor (1) would not justify dismissal but the other factors called for that sanction.").

## IV. ANALYSIS

Pursuant to the District of New Mexico's Local Rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ 7.1(b).  However, the Court may not simply grant a motion for summary judgment solely for the non-movant's failure to respond.  *Reed*, 312 F.3d at 1193-95.  Indeed, in such an instance, the Court must "first examin[e] the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Id.* at 1195.

But such an analysis is unnecessary.  Having reviewed the procedural history of this matter, the Court concludes that Plaintiff is no longer prosecuting this case.  Plaintiff's inaction violates the Court's orders.  *See* Docs. 32, 48.  Accordingly, the Court may properly dismiss this matter as a sanction pursuant to Fed. R. Civ. P. 41(b).  *See Reed*, 312 F.3d at 1195 (citation omitted); *Olsen*, 333 F.3d at 1204 n.3.

---

[5] While *Ehrenhaus* involves dismissal of a case as a sanction under FED. R. CIV. P. 37, the Tenth Circuit has adopted its analysis as a guide for the imposition of sanctions pursuant to courts' inherent powers, *see Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005), and FED R. CIV. P. 41(b), *see Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

Regardless of whether the Court's sanction of dismissal is with prejudice or without prejudice, the effect remains the same due to the statute of limitations. To determine the statute of limitations for 42 U.S.C. § 1983 claims, courts look to state law. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). In New Mexico, the statute of limitations is three years. *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212-23 (10th Cir. 2014) ("The law was settled in *Wilson* that for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims."); N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years."). While most circuits have concluded that the statute of limitations is tolled until a prisoner exhausts his administrative remedies, as required by Prison Litigation Reform Act, 42 U.S.C. § 1997e, the Tenth Circuit has declined to decide this issue. *Smith v. Ortiz*, No. 05-1211, 2006 WL 620871, at *4 (10th Cir. Mar. 14, 2006) (unpublished slip copy).

However, as mentioned above, it is unclear whether Plaintiff exhausted his administrative remedies. Nevertheless, given the severity of dismissal as a sanction, the Court will err on the side of caution and proceed as though the statute of limitation runs sooner rather than later (i.e., when the underlying facts occurred, rather than when the applicable remedies were exhausted). Here, the underlying facts occurred in early September of 2022. *See* Doc. 19 at 6 (stating Plaintiff found a maggot in his sealed meal on September 6, 2022). Consequently, it is foreseeable that if the statute of limitations has not already run, it soon will. Accordingly, the undersigned has set forth and analyzed each of the *Ehrenhaus* factors below.

### A. Degree of Prejudice to Defendants

The first *Ehrenhaus* factor is the degree of actual prejudice to Defendants. *Ehrenhaus*, 965 F.2d at 921. But this factor does not require that Defendants cannot meaningfully defend

their case. Rather, it can pertain to the unnecessary expenditure of time and resources spent refuting wholly unsupported accusations and/or documents. *See id.* ("[Plaintiff's] actions prejudiced the defendants by causing delay and mounting attorney's fees."). The Court may reasonably presume these prejudices; Defendants need not make an argument or showing of such detriments. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2nd Cir. 1999) (prejudice to the defendants resulting from unreasonable delay may be presumed) (citation omitted); *see, e.g.*, *Pacheo v. Potter*, No. CV 07-1230, 2008 WL 11451423, at *1-2 (D.N.M. July 30, 2008) (applying *Ehrenhaus* factors sua sponte, including an analysis of whether defendants were prejudiced).

Here, the degree of actual prejudice to the Defendants is great. The last filing by Plaintiff was nearly a year ago, having been written on October 21, 2024, *see* Doc. 25 at 1, and received (and filed) by the Court on October 25, 2024, *id.* at 2. Since Plaintiff's last filing, Defendants have had to spend time and money obtaining counsel, Docs. 28-29, 42, answering the Complaint, Docs. 30, 33, compiling *Martinez* Reports, Docs. 43-44, and preparing the pending motions for summary judgment, Docs. 45, 47. But Defendants' efforts have been met with no response from Plaintiff. "It would further waste Defendants' time and resources to require continued defense when it appears that Plaintiff is either unwilling or unable to continue the case." *Purvis v. Marin*, No. CV 21-716, 2023 WL 2667380, at *3 (D.N.M. Mar. 8, 2023) (quoting *Arakji v. Hess*, No. 15-cv-681, 2016 WL 759177, at *2 (D. Colo. Feb. 26, 2016)), *report and recommendation adopted*, No. CV 21-716, 2023 WL 2665576 (D.N.M. Mar. 28, 2023). Moreover, this case is over two years old, regarding allegations stretching back three years. Thus, any further delay will exacerbate the prejudice to Defendants since the availability of evidence and memory of witness diminishes with time. *See Green v. Dorrell*, 969 F.2d 915, 918 (10th Cir. 1992) (delay

caused by Plaintiff's failure to respond weighed in favor of dismissal where events alleged occurred at least two years before Plaintiff filed his complaint); *see also* Doc. 43 at 2 (explaining difficulty in compiling *Martinez* Report due to the limited information from over two years ago).

In conclusion, Plaintiff's abandonment of his case has undoubtedly greatly prejudiced Defendants. Therefore, the first *Ehrenhaus* factor weighs in favor of dismissal. *See Ehrenhaus*, 965 F.2d at 921.

### B. Amount of Interference with the Judicial Process

The second *Ehrenhaus* factor considers the degree to which Plaintiff's misconduct has interfered with the judicial process. *Id.* This consideration is rooted in "respect for the judicial process and the law." *Cosby*, 351 F.3d at 1326; *see also Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009) ("[The second *Ehrenhaus*] factor impacts the court's ability to manage its docket and move forward with the cases before it, and it cannot do this if a party fails to respond to court orders.").

Plaintiff, by failing to keep the Court informed of his current address, effectively severed contact with the Court. *See* Doc. 41 (returning Court's order extending deadlines (Doc. 39)); Doc. 46 (returning Court's order extending deadlines (Doc. 40)); Doc. 49 (returning Court's Order to Show Cause (Doc. 48)). This interferes with the judicial process because there is no way for the Defendants or the Court to give Plaintiff notice of filings in this case or proceed in any fashion. *See Linton v. Mendoza*, No. 11-01058, 2013 WL 12329166, at *3 (D.N.M. Sept. 27, 2013). In fact, Plaintiff's failure to respond to the Court's Order to Show Cause demonstrates "a lack of respect" and needlessly increased the Court's workload. *Arakji*, 2016 WL 759177, at *2.

In conclusion, Plaintiff's conduct—or lack thereof—significantly interferes with the Court's ability to effectively resolve the lawsuit he filed and has needlessly wasted valuable judicial resources. Thus, the second *Ehrenhaus* factor weighs in favor of dismissal. *See Ehrenhaus*, 965 F.2d at 921.

### C. Litigant's Culpability

The third *Ehrenhaus* factor considers Plaintiff's culpability. *Id.* Given that Plaintiff is proceeding *pro se,* this is not a case in which a negligent attorney imperils his client's access to the courts. Plaintiff himself is responsible for his failure to update his address or respond to both *Martinez* Reports (Docs. 43-44), both motions for summary judgment (Docs. 45, 47), and the Court's Order to Show Cause (Doc. 48). *See Purvis*, 2023 WL 2667380, at *3 ("It cannot be disputed that Plaintiff is wholly culpable for the current state of this case; it is his failures to file responsive pleadings and comply with the Court's Order that have resulted in an ongoing delay in the litigation of this case and the expenditure of time and resources by Defendants and this Court with no meaningful resolution in sight."). In fact, Plaintiff evidently knows that pursuing his claims requires providing the Court with an up-to-date address. When Plaintiff was released from WNMCF on September 20, 2024, he informed the Court of his new address in a letter filed October 2, 2024. Doc. 23. There is no cognizable excuse, then, for Plaintiff's failure to update the Court when his address changed again.

In conclusion, Plaintiff is solely culpable for severing contact with the Court and his failure to file his five outstanding responses. Accordingly, the third *Ehrenhaus* factor weighs in favor of dismissal. *See Ehrenhaus*, 965 F.2d at 921.

### D. Whether the Court Warned Plaintiff

The fourth *Ehrenhaus* factor considers whether the Court warned Plaintiff that noncompliance would likely result in dismissal. *Id.*

Plaintiff was advised that the *Martinez* Report could lead to a sua sponte granting of summary judgment. Doc. 32 at 3; *see Flores v. Dorsey*, No. CV 09-1153, 2011 WL 13291104, at *3 (D.N.M. Jan. 21, 2011). More directly, the Order to Show Cause advised Plaintiff that his failure to prosecute and comply with Court orders may lead to involuntary dismissal under "[b]oth Federal Rule of Civil Procedure 41(b) and Local Rule for the District of New Mexico 41.1 . . . ." Doc. 48 at 2. Accordingly, Plaintiff was ordered to "show cause why the Court should not dismiss this case for failure to prosecute and comply with Court orders and the rules of procedure . . . ." *Id.* To Plaintiff's credit, however, the Order to Show Cause was not received by Plaintiff, seeing as it was returned as undeliverable on July 11, 2025. Doc. 49. Nevertheless, Plaintiff knew that, at a minimum, he was required to respond to the *Martinez* Reports or risk a sua sponte granting of summary judgment based on the undefended merits of the materials provided by Defendants. *See Flores*, 2011 WL 13291104, at *3.

In conclusion, Plaintiff was generally on notice that inaction may lead to an unfavorable resolution of this matter. Accordingly, the fourth *Ehrenhaus* factor weighs in favor of dismissal. *See Ehrenhaus*, 965 F.2d at 921. However, in light of Plaintiff not having received the Order to Show Cause, *see* Doc. 49, this factor carries less weight than the other *Ehrenhaus* factors analyzed herein.

### E. Efficacy of Other Sanctions

The final *Ehrenhaus* factor is the efficacy of other sanctions. *See Ehrenhaus*, 965 F.2d at 921. The Court concludes that dismissal is the most appropriate sanction here for two reasons.

First, Plaintiff is proceeding in forma pauperis. Doc. 6. Therefore, Plaintiff would not be able to afford monetary sanctions. *See Flores*, 2011 WL 13291104, at *3. Second, because Plaintiff has effectively severed his contact with the Court, there is no meaningful way to contact him. *See Linton*, 2013 WL 12329166, at *3. Thus, even if the Court ordered lesser sanctions, the Court has no reason to believe that Plaintiff would comply or otherwise take part in this litigation. In short, "[i]t appears that Plaintiff is no longer capable of or interested in prosecuting his case." *Arakji*, 2016 WL 759177, at *2.

In conclusion, no sanction other than dismissal would be effective. Thus, the fifth and final *Ehrenhaus* factor weighs in favor of dismissal. *See Ehrenhaus*, 965 F.2d at 921.

## V. CONCLUSION

For the foregoing reasons, the undersigned finds that each of the five *Ehrenhaus* factors, *see id.*, weigh in favor of dismissal and thus recommends that the presiding judge **DISMISS** this case **WITHOUT PREJUDICE** pursuant to FED. R. CIV. P. 41(b).[6]

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

[6] As discussed above, the undersigned recognizes that dismissal without prejudice likely carries the same effect as a dismissal with prejudice. *See supra* Section IV. Nevertheless, dismissal without prejudice is a lesser sanction. *See Baca v. Off. of Superintendent of Ins.*, No. 22-780, 2023 WL 7301492, at *3 (D.N.M. Oct. 31, 2023) (recommending dismissal without prejudice, while nevertheless recognizing that "a possibility exists that application of the statutes of limitation could make such dismissal equivalent to dismissal with prejudice.").